```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division


EMILY WOODARD, M.D.,           )
                               )
     Plaintiff,                )
                               )
          v.                   )    1:12cv261 (JCC/TCB)
                               )
FREDERICKSBURG HOSPITALIST     )
GROUP, P.C., et al.,           )
                               )
     Defendants.               )
```

## M E M O R A N D U M   O P I N O N

This matter is before the Court on a Motion to Dismiss [Dkt. 5].  For the following reasons, the Court will grant the Motion.

### I.   Background

A.   Factual Background

This case concerns distributions from an employee benefits plan regulated by ERISA.  (Am. Compl. [Dkt. 3] ¶ 5.) Plaintiff Emily Woodard contends that she was due certain distributions to the Fredericksburg Hospitalist Group Profit Sharing Plan (the Plan) in November 2010, as a shareholder who was formerly employed by, but had departed, the Fredericksburg Hospital Group (FHG).  (Am. Compl. ¶¶ 8-11.)  Plaintiff also contends that Defendants have failed to provide her with various

1

records. (Am. Compl. ¶ 15.) Based on these two assertions, Plaintiff alleges that Defendants: breached their fiduciary duties under ERISA (Count I), failed to provide corporate and financial records under the Virginia Code (Count II), failed to pay corporate dividends under the Virginia Code (Count III), and converted Plaintiff's shares of FHG under Virginia common law (Count IV). (Am. Compl. ¶¶ 16-28.) Finally, Plaintiff requests the Court provide declaratory relief as to Plaintiff's shareholder status (Count V). (Am. Compl. ¶¶ 29-31.)

      Plaintiff is a resident of the Commonwealth of Virginia. (Am. Compl. ¶ 1.) The Defendants are the Fredericksburg Hospitalist Group, P.C., the FHG Profit Sharing Plan, and eleven doctors who have worked with, or are currently working with, FHG. Plaintiff alleges that the Fredericksburg Hospitalist Group is a corporation formed under the law of the Commonwealth of Virginia with its principal place of business in Stafford, Virginia. (Am. Compl. ¶ 2.) And that the FHG Profit Sharing Plan is administered by directors of FHG under ERISA with a principal place of business in Fredericksburg, Virginia. (Am. Compl. ¶ 3.) Finally, Plaintiff alleges that the remaining Defendants are residents of the Commonwealth of Virginia. (Am. Compl. ¶ 4.) Section 17.2 of the Fredericksburg Hospitalist Group Profit Sharing Plan, titled Claim Procedures, states

> If any Participant, Former Participant, or
> Beneficiary files a claim for benefits under

> this Plan and it is denied in whole or in part by the Administrator, the Administrator shall write a letter to the Participant, Former Participant, or Beneficiary setting forth the specific reasons for such denial and explain the procedures for review of the claim.
>
> The Participant, Former Participant, or Beneficiary so notified shall have sixty (60) days after receipt of such notification to request in writing a full and fair hearing by one or more persons appointed by the Employer to review the Administrator's decision denying the claim. The Administrator shall then conduct a hearing within the next sixty (60) days following such written request.

And, Section 17.3, titled Claim Hearing, states

> At a claim hearing, the Participant, Former Participant, or Beneficiary shall have the right to be represented and to present written or oral evidence on his behalf. The claimant or his duly authorized representative will have an opportunity to review (upon five (5) business days written notice to the Administrator) all pertinent documents with respect to the claim at issue, and to submit issues and comments that they may have with respect to the claim. A final decision as to the allowance of the claim will be made by the Administrator within sixty (60) days after the hearing. The Administrator may request an extension of the sixty (60) day period. The decision will be in writing and include specific reasons to support the basis for the decision made by the Administrator about the claim.[1]

---

[1] Plaintiff references the Plan frequently in the Amended Complaint. (*See* Am. Compl. ¶¶ 3, 5, 11, 18.) Although the Plan was not attached to it, Defendants have attached it to their Motion and this Court can consider it. *See Stewart et. al v. Pension Trust of Bethlehem Steel Corp.*, 12 F. App'x 174, 176 (4th Cir. 2007) (finding that pension plan documents referenced in complaint, but not attached could be considered in motion to dismiss); *Am. Chiropractic. Ass'n, Inc. v. Trigon Health Care, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (permitting review of documents if "it was integral to and

B.  Procedural Background

Plaintiff filed her Complaint on March 8, 2012.  [Dkt. 1.]  On May 7, 2012, she filed both an Amended Complaint [Dkt. 3] and a corrected Amended Complaint [Dkt. 4].  Also on May 7, 2012, Defendants filed a Motion to Dismiss.  [Dkt. 5.]  On May 21, 2012, Plaintiff filed an Opposition.  [Dkt. 8.]  And, on May 29, 2012, Defendants file a Reply.  [Dkt. 11.]  This Court held a hearing on the Motion on June 1, 2012,

Defendants' Motion is now before the Court.

## II.  Standard of Review

Rule 12(b)(6) allows a court to dismiss those allegations which fail "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In deciding a 12(b)(6) motion, a court must first be mindful of the liberal pleading standards under Rule 8, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.  While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)(citation omitted).

---

specifically relied on in the complaint and [if] plaintiffs do not challenge its authenticity").

4

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, *id.*, and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555.  Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation."  *Iqbal*, 556 U.S. at 678.

### III.  Analysis

A. Count I and Exhaustion

The Amended Complaint alleges that on or about November 18, 2010, Plaintiff was denied access to employment benefits in violation of ERISA.  Defendants assert that Plaintiff has failed to exhaust her administrative remedies under the Profit Sharing Plan (the Plan).

The Fourth Circuit has held that "the pursuit and exhaustion of internal Plan remedies is an essential

prerequisite to judicial review of an ERISA claim for denial of benefits." *Gayle v. UPS*, 401 F.3d 222, 230 (4th Cir. 2005) (citing *Norris v. Citibank, N.A. Disability Plan*, 308 F.3d 880, 884 (8th Cir. 2002); *Makar v. Health Care Corp. of Mid-Atlantic (Carefirst)*, 872 F.2d 80, 82 (4th Cir. 1989)). "An ERISA claimant generally is required to exhaust the administrative remedies provided in his or her employee benefit plan before commencing an ERISA action in federal court." *Hickey v. Digital Equip. Corp.*, 43 F.3d 941, 945 (4th Cir. 1995) (citing *Makar*, 872 F.2d at 82).

Plaintiff argues that she asserts a fiduciary duty claim "regarding the 2010 Transfer to the Plan, not regarding funds paid or not paid from the plan." (Opp. [Dkt 8.] at 10.) This distinction falls flat. If her rights under the ERISA governed Plan are not in issue, then she has failed to plead any facts that would plausibly support a breach of fiduciary duty claim under ERISA.[2] If, however, she is claiming that she was due certain distributions to the Plan,[3] then she must exhaust the remedies provided by the Plan. *See Norris v. Boeing Co.*, No.

---

[2] And, Plaintiff has failed to address the Fourth Circuit's finding that "[p]roscribing fiduciary suits for benefits also respects the ERISA requirement that claimants use internal procedures provided by their benefit plans before bringing an ERISA action." *Coyne & Delany Co. v. Blue Cross & Blue Shield*, 102 F.3d 712, 716 (4th Cir. 1996).

[3] The Amended Complaint specifically states: "On or about November 18, 2010, FHG declared a dividend to shareholders for 2010 in the form of a distribution of funds to the Plan designated for Individual shareholder accounts, but excluding any distribution for the benefit of Plaintiff." (Am. Comp. ¶ 11.)

1:08cv273, 2008 U.S. Dist. LEXIS 53738, at *6 (E.D. Va. July 14, 2008) (requiring plaintiffs to make a "formal claim for benefits in accordance with the procedures clearly laid out in the [p]lan"). Here there is no assertion that Plaintiff filed a claim for benefits under the Plan.

Since she has not exhausted the administrative procedures available, in order for the Court to hear her claim Plaintiff must make the "'clear and positive' showing of futility required to circumvent the exhaustion requirement." *Hickey*, 43 F.3d at 945 (citing *Makar*, 872 F.2d at 83). Plaintiff has yet to instigate the formal claim process, and so she can make no claim that the process has proven futile. Therefore, dismissal without prejudice is appropriate, allowing Plaintiff to pursue administrative remedies before providing judicial review of her ERISA claim.

### B. Remaining Counts

To the extent that Plaintiff's remaining claims are preempted and governed by ERISA, they too are dismissed for failure to exhaust the Plan's remedies. And, to the extent the remaining claims involve Virginia parties and Virginia law, the Court finds it does not have subject matter jurisdiction over them.

## IV. Conclusion

For the reasons stated above, the Court will grant the Motion to Dismiss without prejudice.

An appropriate Order will issue.

|  |  |
|---|---|
| June 5, 2012<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |